UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

ALAN R. THOMSEN,
d/b/a AJ SIGN COMPANY,                              Civil File No. 07-cv-01989 (DWF/RLE)

        Plaintiff,

v.                                                                          **(JURY TRIAL DEMANDED)**

FAMOUS DAVE'S OF AMERICA, INC.,
a Minnesota corporation,

        Defendant,

_____

**PLAINTIFF ALAN R. THOMSEN'S ANSWER TO DEFENDANT'S COUNTERCLAIM**

Plaintiff Alan R. Thomsen, by his attorneys, answers the Counterclaim of Defendant Famous Dave's America, Inc. ("Famous Dave's"), dated and served on December 7, 2007, as follows:

**ANSWER TO DEFENDANT'S COUNTERCLAIM**

1. Alan R. Thomsen admits that on or about October 4, 2001 Alan R. Thomsen and Famous Dave's signed a written settlement ("Settlement Agreement") dated October 4, 2001 to resolve a prior dispute between the parties. Alan R. Thomsen states that the Settlement Agreement speaks for itself and therefore denies all remaining allegations in paragraph 12 of Defendant's Counterclaim.

2. In response to the allegations in paragraph 13 of Defendant's Counterclaim, Alan R. Thomsen admits that the Settlement Agreement states, in part, "In return, Al is releasing all copyright, proprietary design and sign work to the company in all restaurants that he has worked on with the exception of Sioux Falls, Burnsville, Crosslake, and Wisconsin Dells. This does not

preclude Al from producing or manufacturing these signs for Famous Dave's." Alan R. Thomsen denies the remaining allegations in paragraph 13 of Defendant's Counterclaim.

3. In response to the allegations in paragraph 14 of Defendant's Counterclaim, Alan R. Thomsen admits that the Settlement Agreement states, in part, "In return…Al agrees that the company will be forgiven and that we are starting over with a clean slate and that Al will not sue the company for any past infringements or disagreements." Alan R. Thomsen denies the remaining allegations in paragraph 14 of Defendant's Counterclaim.

4. In response to the allegations in paragraph 15 of Defendant's Counterclaim, Alan R. Thomsen admits that the Settlement Agreement states, in part, "Both parties recognize that going forward should either party violate the terms of this agreement that the injured party will have rights to pursue legal action against the company only for any infringement going forward from the signing of this agreement." Alan R. Thomsen denies the remaining allegations in paragraph 15 of Defendant's Counterclaim.

5. Alan R. Thomsen denies the allegations contained in paragraphs 16-18 of Defendant's Counterclaim.

6. In response to the allegations in paragraph 19 of Defendant's Counterclaim, Alan R. Thomsen denies paragraphs 1-11 were part of Defendant's Counterclaim, but instead paragraphs 1-11 pertain to asserted Affirmative Defenses, and therefore denies the same. As to the remaining allegations in paragraph 19 of Defendant's Counterclaim, Alan R. Thomsen repeats and realleges as though fully set forth herein in paragraphs 1-5 of his Answer.

7. Alan R. Thomsen denies that Famous Dave's has honored its obligations under the Settlement Agreement. The remaining allegations contained in paragraph 20 of Defendant's Counterclaim are either conclusions of law or mixed conclusions of law and fact. Therefore,

Alan R. Thomsen is without sufficient knowledge and information to form a belief as to the remaining allegations contained in paragraph 20 of Defendant's Counterclaim, and denies the same.

8. Alan R. Thomsen denies the allegations contained in paragraphs 21-23 of Defendant's Counterclaim.

9. Specific responses corresponding to Defendant's averments are set forth above, but except as otherwise specifically admitted, qualified, or denied, all averments of Defendant's Counterclaim are denied.

## DEFENSES & AFFIRMATIVE DEFENSES

Alan R. Thomsen asserts the following defenses and affirmative defenses:

10. Defendant fails to state a claim against Alan R. Thomsen upon which relief can be granted.

11. Defendant's claims are, or may be, barred, in whole or in part, by the doctrines of waiver, estoppel, laches, or unclean hands.

12. Defendant's claims are, or may be, barred, in whole or in part, by Defendant's failure to mitigate damages.

13. Alan R. Thomsen's actions were all justified.

14. Alan R. Thomsen is the owner of all asserted copyrights.

15. Defendant's claims are, or may be, barred, in whole or part, by Defendant's copyright infringement, contributory copyright infringement, vicarious copyright infringement, or inducement of copyright infringement.

16. Defendant's claims are, or may be, barred, in whole or in part, by lack of consideration, renunciation, prior material total breach, unilateral contract, mutual or unilateral

mistake of fact, and/or because no contracts have been breached due to the actions of Alan R. Thomsen.

17. Defendant's claims are, or may be, barred, in whole or part, by the promises in the parties' Settlement Agreement being conditions precedent, which were never satisfied, and therefore no effective contract was ever formed.

18. Defendant's claims are, or may be, barred, in whole or part, by the rescission of the parties' Settlement Agreement due to Defendant's failure to perform a substantial part of the parties' Settlement Agreement.

19. Defendant's claims are, or may be, barred, in whole or part, by the termination of the parties' Settlement Agreement and Alan R. Thomsen's release from any alleged obligations thereunder.

20. Defendant's claims are, or may be, barred, in whole or part, by the repudiation or renunciation of the parties' Settlement Agreement by Defendant.

21. Defendant's claims are, or may be, barred, in whole or part, by the abandonment of the parties' Settlement Agreement by Defendant.

22. Defendant's claims are, or may be, barred, in whole or part, by fraudulent misrepresentations made by Defendant on or about the time of the parties' settlement.

23. Because Defendant's Counterclaim is couched in conclusory terms, Alan R. Thomsen cannot fully anticipate all affirmative defenses applicable to this action. Accordingly, Alan R. Thomsen reserves the right to assert additional affirmative defenses, if and to the extent such defenses are applicable.

## JURY DEMAND

24. Pursuant to FED. R. CIV. P. 38(b), Alan R. Thomsen requests a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alan R. Thomsen respectfully requests this Court to grant the following relief:

(A) Dismissing any and all claims in the Counterclaim against Alan R. Thomsen with prejudice;

(B) Dismissing Famous Dave's request for relief on all counts;

(C) Declaring Famous Dave's cause of action barred by any of the foregoing defenses or affirmative defenses;

(D) An award of Alan R. Thomsen's attorney's fees, costs, expenses, and interest pursuant to applicable law; and

(E) An award to Alan R. Thomsen of such other and further relief as the Court deems just and proper.

Respectfully submitted,

**PATTERSON, THUENTE, SKAAR & CHRISTENSEN, P.A.**

Dated: December 11, 2007

By:   s/Aaron W. Davis
Eric H. Chadwick (#248,769)
Aaron W. Davis (#318,255)
Brian L. Stender (#340,303)
4800 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2100
Telephone: (612) 349-5740
Facsimile: (612) 349-9266

**ATTORNEYS FOR PLAINTIFF ALAN R. THOMSEN D/B/A AJ SIGN COMPANY**