## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

ALAN R. THOMSEN,
d/b/a AJ SIGN COMPANY,

Civil File No. 07-cv-01989 (DWF/RLE)

Plaintiff,

v.                                                                **(JURY TRIAL DEMANDED)**

FAMOUS DAVE'S OF AMERICA, INC.,
a Minnesota corporation,

SIGNWORKS,
d/b/a KURT W. BUGGS' SIGNWORKS,

and

VOMELA SPECIALTY COMPANY,
A Minnesota corporation

Defendants,

### PLAINTIFF ALAN R. THOMSEN'S REPLY TO
### DEFENDANT FAMOUS DAVE'S COUNTERCLAIMS

Plaintiff Alan R. Thomsen, by his attorneys, replies to the Counterclaims of Defendant Famous Dave's America, Inc. ("Famous Dave's"), dated and served on July 21, 2008, as follows:

**REPLY TO DEFENDANT FAMOUS DAVE'S COUNTERCLAIMS**

1.     Alan R. Thomsen denies the allegations contained in paragraph 1 of Defendant Famous Dave's Counterclaims.

2.     Alan R. Thomsen denies the allegations contained in paragraph 2 of Defendant Famous Dave's Counterclaims.

3. Alan R. Thomsen admits that he claims ownership of his works that pertain to Famous Dave's restaurants, but denies the remaining allegations contained in paragraph 3 of Defendant Famous Dave's Counterclaims.

4. Alan R. Thomsen admits that on or about October 4, 2001 Alan R. Thomsen and Famous Dave's signed a written settlement ("Settlement Agreement") dated October 4, 2001 to resolve a prior dispute between the parties. Alan R. Thomsen states that the Settlement Agreement speaks for itself and therefore denies all remaining allegations in paragraph 4 of Defendant Famous Dave's Counterclaims.

5. In response to the allegations in paragraph 5 of Defendant Famous Dave's Counterclaim, Alan R. Thomsen admits that the Settlement Agreement states, in part, "In return, Al is releasing all copyright, proprietary design and sign work to the company in all restaurants that he has worked on with the exception of Sioux Falls, Burnsville, Crosslake, and Wisconsin Dells. This does not preclude Al from producing or manufacturing these signs for Famous Dave's." Alan R. Thomsen denies the remaining allegations in paragraph 5 of Defendant Famous Dave's Counterclaims.

6. In response to the allegations in paragraph 6 of Defendant Famous Dave's Counterclaims, Alan R. Thomsen admits that the Settlement Agreement states, in part, "In return…Al agrees that the company will be forgiven and that we are starting over with a clean slate and that Al will not sue the company for any past infringements or disagreements." Alan R. Thomsen denies the remaining allegations in paragraph 6 of Defendant Famous Dave's Counterclaims.

7. In response to the allegations in paragraph 7 of Defendant Famous Dave's Counterclaims, Alan R. Thomsen admits that the Settlement Agreement states, in part, "Both

parties recognize that going forward should either party violate the terms of this agreement that the injured party will have rights to pursue legal action against the company only for any infringement going forward from the signing of this agreement." Alan R. Thomsen denies the remaining allegations in paragraph 7 of Defendant Famous Dave's Counterclaims.

8. Alan R. Thomsen admits that he claims ownership of his works that pertain to Famous Dave's restaurants, but denies the remaining allegations contained in paragraph 8 of Defendant Famous Dave's Counterclaims.

9. Alan R. Thomsen denies the allegations contained in paragraphs 9-11 of Defendant Famous Dave's Counterclaims.

## COUNT I – BREACH OF CONTRACT AND DUTY OF GOOD FAITH AND FAIR DEALING

10. As to the allegations contained in paragraph 12 of Defendant Famous Dave's Counterclaims, Alan R. Thomsen repeats and realleges as though fully set forth herein paragraphs 1-9 of his Reply.

11. Alan R. Thomsen denies that Defendant Famous Dave's has honored its obligations under the Settlement Agreement. The remaining allegations contained in paragraph 13 of Defendant Famous Dave's Counterclaims are either conclusions of law or mixed conclusions of law and fact. Therefore, Alan R. Thomsen is without sufficient knowledge and information to form a belief as to the remaining allegations contained in paragraph 13 of Defendant Famous Dave's Counterclaims, and denies the same.

12. Alan R. Thomsen denies the allegations contained in paragraphs 14-16 of Defendant Famous Dave's Counterclaims.

## COUNT II – DECLARATORY JUDGMENT

13.  As to the allegations contained in paragraph 17 of Defendant Famous Dave's Counterclaims, Alan R. Thomsen repeats and realleges as though fully set forth herein paragraphs 1-12 of his Reply.

14.  Alan R. Thomsen admits that Defendant has brought a declaratory judgment claim, but denies the merits of that declaratory judgment claim. Alan R. Thomsen denies the remaining allegations contained in paragraph 18 of Defendant Famous Dave's Counterclaims.

15.  Alan R. Thomsen denies the allegations contained in paragraph 19 of Defendant Famous Dave's Counterclaims.

16.  Alan R. Thomsen admits that there is an actual controversy between him and Defendant regarding copyright ownership, but denies that Defendant Famous Dave's contentions have any merit. Alan R. Thomsen denies the remaining allegations contained in paragraph 20 of Defendant Famous Dave's Counterclaims.

17.  Specific responses corresponding to Defendant Famous Dave's averments are set forth above, but except as otherwise specifically admitted, qualified, or denied, all averments of Defendant Famous Dave's Counterclaims are denied.

## **DEFENSES & AFFIRMATIVE DEFENSES**

Alan R. Thomsen asserts the following defenses and affirmative defenses:

18.  Defendant Famous Dave's fails to state a claim against Alan R. Thomsen upon which relief can be granted.

19.  Defendant Famous Dave's claims are, or may be, barred, in whole or in part, by the doctrines of waiver, estoppel, laches, or unclean hands.

20. Defendant Famous Dave's claims are, or may be, barred, in whole or in part, by Defendant Famous Dave's failure to mitigate damages.

21. Alan R. Thomsen's actions were all justified.

22. Alan R. Thomsen is the owner of all asserted copyrights.

23. Defendant Famous Dave's claims are, or may be, barred, in whole or part, by Defendant Famous Dave's copyright infringement, contributory copyright infringement, vicarious copyright infringement, or inducement of copyright infringement.

24. Defendant Famous Dave's claims are, or may be, barred, in whole or in part, by lack of consideration, renunciation, prior material total breach, unilateral contract, mutual or unilateral mistake of fact, and/or because no contracts have been breached due to the actions of Alan R. Thomsen.

25. Defendant Famous Dave's claims are, or may be, barred, in whole or part, by the promises in the parties' Settlement Agreement being conditions precedent, which were never satisfied, and therefore no effective contract was ever formed.

26. Defendant Famous Dave's claims are, or may be, barred, in whole or part, by the rescission of the parties' Settlement Agreement due to Defendant Famous Dave's failure to perform a substantial part of the parties' Settlement Agreement.

27. Defendant Famous Dave's claims are, or may be, barred, in whole or part, by the termination of the parties' Settlement Agreement and Alan R. Thomsen's release from any alleged obligations thereunder.

28. Defendant Famous Dave's claims are, or may be, barred, in whole or part, by the repudiation or renunciation of the parties' Settlement Agreement by Defendant Famous Dave's.

29. Defendant Famous Dave's claims are, or may be, barred, in whole or part, by the abandonment of the parties' Settlement Agreement by Defendant Famous Dave's.

30. Defendant Famous Dave's claims are, or may be, barred, in whole or part, by fraudulent misrepresentations made by Defendant Famous Dave's on or about the time of the parties' settlement.

31. Because Defendant Famous Dave's Counterclaims are couched in conclusory terms, Alan R. Thomsen cannot fully anticipate all affirmative defenses applicable to this action. Accordingly, Alan R. Thomsen reserves the right to assert additional affirmative defenses, if and to the extent such defenses are applicable.

## JURY DEMAND

32. Pursuant to FED. R. CIV. P. 38(b), Alan R. Thomsen requests a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alan R. Thomsen respectfully requests this Court to grant the following relief:

(A) Dismissing any and all claims in the Counterclaims against Alan R. Thomsen with prejudice;

(B) Dismissing Famous Dave's request for relief on all counts;

(C) Declaring Famous Dave's causes of action barred by any of the foregoing defenses or affirmative defenses;

(D) An award of Alan R. Thomsen's attorney's fees, costs, expenses, and interest pursuant to applicable law; and

(E)     An award to Alan R. Thomsen of such other and further relief as the Court deems just and proper.

                                        Respectfully submitted,

                                        **PATTERSON, THUENTE,**
                                        **SKAAR & CHRISTENSEN, P.A.**

Dated: July 29, 2008                 By:     s/Aaron W. Davis
                                        Eric H. Chadwick (#248,769)
                                          Aaron W. Davis (#318,255)
                                          Brian L. Stender (#340,303)
                                          4800 IDS Center
                                          80 South Eighth Street
                                          Minneapolis, MN 55402-2100
                                          Telephone: (612) 349-5740
                                          Facsimile: (612) 349-9266

                                        **ATTORNEYS FOR PLAINTIFF**
                                        **ALAN R. THOMSEN D/B/A AJ SIGN COMPANY**