UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Allen R. Thomsen,<br>d/b/a AJ Sign Company, | Civil No. 07-1989 (DWF/RLE) |
| Plaintiff, | |
| v. | **MEMORANDUM**<br>**OPINION AND ORDER** |
| Famous Dave's of America, Inc.,<br>a Minnesota corporation; Signworks<br>d/b/a Kurt W. Buggs' Signworks; and<br>Vomela Specialty Company, a<br>Minnesota corporation, | |
| Defendants. | |

Aaron W. Davis, Esq., Brian L. Stender, Esq., Eric H. Chadwick, Esq., and Casey A. Kniser, Esq., Patterson Thuente Skaar & Christensen, PA, counsel for Plaintiff.

David T. Schultz, Esq., JoLynn M. Markison, Esq., Emily M. Rome, Esq., and Keiko L. Sugisaka, Esq., Maslon Edelman Borman & Brand, LLP, counsel for Famous Dave's of America, Inc., and Signworks d/b/a Kurt W. Buggs' Signworks.

David T. Schultz, Esq., JoLynn M. Markison, Esq., Emily M. Rome, Esq., Keiko L. Sugisaka, Esq., Maslon Edelman Borman & Brand, LLP; and Craig S. Krummen, Esq., Winthrop & Weinstine, PA, counsel for Vomela Specialty Company.

## INTRODUCTION

This matter is currently before the Court on a Motion for Attorney's Fees and Costs Under 17 U.S.C. § 505 and 28 U.S.C. § 1927 brought by Famous Dave's of America, Inc. ("Famous Dave's"), Signworks d/b/a Kurt W. Buggs' Signworks ("Signworks"), and Vomela Specialty Company ("Vomela") (collectively referred to as

"Defendants"); and a Motion for Summary Judgment on Counterclaims brought by Famous Dave's.[1] For the reasons stated below, the Court denies Defendants' motion for attorney fees and grants Famous Dave's motion for summary judgment.

## BACKGROUND

The facts of this case are fully set forth in this Court's February 17, 2009 Memorandum Opinion and Order (the "February 17 Order"). The Court summarizes those facts below.

Famous Dave's is a chain of American barbeque restaurants. Dave Anderson, a founder of Famous Dave's, and Allen Thomsen agreed that Thomsen would design décor and signage for the first Famous Dave's restaurant. Thomsen did so and also painted signs for roughly twenty additional restaurants. In 2001, Thomsen claimed copyright ownership of signs he had painted for Famous Dave's, including all copyrights at issue in the present suit. Thomsen objected to the replication of designs and signage that he worked on. Then, Thomsen registered copyrights for signs he had painted for Famous Dave's, retained an attorney, and sent Famous Dave's a cease-and-desist letter.

---

[1] On March 4, 2009, Thomsen brought a Motion to Amend Judgment seeking to reflect the dismissal of Famous Dave's counterclaims. On March 17, 2009, the Court issued an order vacating the judgment entered on February 18, 2009, indicating that it was not the intent of the Court to enter judgment as to Defendants' counterclaims, as they were not before the Court at that time. Accordingly, Thomsen's motion to amend is denied. Defendants' counterclaims are currently before the Court on Famous Dave's motion for summary judgment and the Court will consider Thomsen's arguments in the context of that motion.

Anderson and Thomsen eventually settled the 2001 dispute and entered into a settlement agreement dated October 4, 2001 (the "Settlement Agreement"). The Settlement Agreement was negotiated and entered into without the participation of attorneys. The Settlement Agreement provides in part:

> [Paragraph 9:]
>
> In return, [Thomsen] is releasing all copyright, proprietary design and sign work to [Famous Dave's] in all other restaurants that he has worked on with the exception of Sioux Falls, Burnsville, Crosslake, and Wisconsin Dells. This does not preclude [Thomsen] from producing or manufacturing these signs for Famous Dave's.
>
> . . . .
>
> [Paragraph 16:]
>
> In return . . . [Thomsen] agrees that the company will be forgiven and that we are starting over with a clean slate and that [Thomsen] will not sue the company for any past infringements or disagreements. . . .

(Doc No. 82, ¶ 24, Ex. W at ¶¶ 9, 16.)

Thomsen brought the current action on April 20, 2007, alleging copyright infringement with respect to works that Thomsen created between 1995 and 2000. Thomsen also alleged that Famous Dave's breached the terms of the Settlement Agreement and sought a declaration that the Settlement Agreement is ineffective. In the February 17 Order, the Court granted a motion for summary judgment brought by Defendants and dismissed Thomsen's complaint with prejudice. The Court concluded that Thomsen's copyright infringement claims fail as a matter of law because ownership of the copyrights at issue was transferred to Famous Dave's pursuant to Paragraph 9 of

the Settlement Agreement. (Doc. No. 95 at 14.) The Court also concluded that Thomsen's breach of contract and declaratory judgment claims fail as a matter of law.

Famous Dave's now moves for summary judgment on its counterclaims and Defendants move for attorney fees and costs pursuant to 17 U.S.C. § 505 and 28 U.S.C. § 1927.

## DISCUSSION

**I.     Motion for Summary Judgment**

Famous Dave's asserts that it is entitled to summary judgment on its counterclaims for declaratory judgment and breach of contract. Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record

4

that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

Famous Dave's asserted a counterclaim for declaratory judgment, seeking a declaration that Thomsen is not the owner of the asserted copyrights and that Famous Dave's is the sole and proper owner of the copyrights asserted by Thomsen (the "Asserted Copyrights"). In the February 17 Order, the Court determined that ownership of all the Asserted Copyrights was transferred to Famous Dave's pursuant to the Settlement Agreement. (Doc. No. 95 at 14.) The Court now concludes that Famous Dave's is entitled to a declaration that it is the sole and proper owner of the Asserted Copyrights.

Famous Dave's also asserted a counterclaim for breach of contract. Specifically, Famous Dave's claims that Thomsen breached the Settlement Agreement by registering copyrights that he had assigned to Famous Dave's and by filing the present lawsuit. Famous Dave's seeks reimbursement in the amount of $2,185, the cost of recording the transfer of the Asserted Copyright registrations to Famous Dave's.[2] Thomsen asserts that

---

[2] The record establishes that the cost of recording the transfer of copyrights is $95 per copyright.

Famous Dave's counterclaim for breach of contract fails as a matter of law because Famous Dave's does not identify any provision of the Settlement Agreement that has been breached, nor does Famous Dave's demonstrate compensable damages arising from any alleged breach.

The Court concludes that the record demonstrates that Thomsen breached the Settlement Agreement by registering thirteen Asserted Copyrights after the execution of the Settlement Agreement. The Settlement Agreement transferred ownership of the twenty-three Asserted Copyrights to Famous Dave's. The act of registering the thirteen Asserted Copyrights after the execution of the Settlement Agreement constitutes a breach of Thomsen's agreement to relinquish ownership of those copyrights.[3] The Court further determines that the cost of recording the transfer of thirteen registrations is $1,235. The cost of transferring these registrations was sustained by Famous Dave's by virtue of Thomsen's registration of the copyrights after he transferred them to Famous Dave's. Accordingly, the Court grants Famous Dave's motion for summary judgment as to its counterclaim for breach of contract and determines that Famous Dave's is entitled to $1,235 in damages. The Court concludes that Famous Dave's is not entitled to the cost

---

[3] Also at issue today are ten Asserted Copyrights which Thomsen applied for registration in July 2001. Because Thomsen applied for the registration of these copyrights prior to relinquishing ownership to them, the act of registration does not constitute a breach of the Settlement Agreement. Famous Dave's could have negotiated recordation as a term of the Settlement Agreement or recorded the transfers itself at that time.

of recording the transfer of the ten copyrights that were registered prior to the Settlement Agreement.

## II. Attorney Fees

### A. 17 U.S.C. § 505

The Copyright Act authorizes a court, in its discretion, to award attorney fees to the prevailing party: "In any civil action under this title, the court in its discretion may allow the recovery of full costs . . . [and] … may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Prevailing plaintiffs and prevailing defendants are treated similarly. *Fogerty v. Fantasy*, 510 U.S. 517, 534 (1994). The Court considers several non-exclusive factors in determining whether attorney fees should be awarded. *Id*. These factors include frivolousness, motivation, objective unreasonableness, and the need in the case to compensate or deter. *Id*. at 535 n.19. *See also Action Tapes, Inc. v. Mattson*, 462 F.3d 1010, 1014 (8th Cir. 2006). Attorney fees under § 505 are to be awarded only as a matter of the court's discretion. *Fogerty*, 510 U.S. at 534. *See also Action Tapes*, 462 F.3d at 1014.

Defendants assert that they are entitled to reimbursement from Thomsen for attorney fees and costs incurred in defending against Thomsen's copyright claims. Specifically, Defendants assert that when Thomsen initiated this lawsuit, he did not reference the existence of the Settlement Agreement and that Famous Dave's informed counsel that Thomsen's lawsuit was baseless because Thomsen did not own the asserted copyrights under the 2001 Settlement Agreement. Defendants also assert that they

7

informed Thomsen's counsel that they would seek costs, sanctions, and attorney fees if Thomsen chose to pursue the allegedly baseless litigation. Defendants assert that because Thomsen did not own the copyrights, his filing of this lawsuit was objectively unreasonable. Defendants also assert that Thomsen's claim for statutory damages was objectively unreasonable.

Thomsen asserts that attorney fees and costs should not be awarded under § 505 because he had a good faith basis for bringing his copyright infringement claims against Defendants. Further, Thomsen contends that his claims were colorable, and not frivolous or objectively unreasonable. In particular, Thomsen asserts that he was the original author of the works in question, that Defendants' primary defense was that Thomsen transferred the rights to Famous Dave's under the Settlement Agreement, and that Thomsen submitted testimony that it was not his intent to transfer the Asserted Copyrights to Famous Dave's. Thomsen also asserts that his statutory damage claim was not frivolous. In particular, Thomsen claims that any infringement by Famous Dave's that took place after the execution of the Settlement Agreement, through which Thomsen argued he released all past claims of infringement, constitute a new claim for statutory damages. In addition, Thomsen asserts that defendants Vomela and Signworks would be subject to statutory damages because their alleged infringement took place after registration of the copyrights.

This Court ultimately granted summary judgment in favor of Famous Dave's, concluding that the Settlement Agreement transferred ownership of the disputed

copyrights to Famous Dave's, and that Thomsen's claims for declaratory judgment and breach of contract failed. The reasons for this decision are explained in the February 17 Order. After reviewing that order and the record before it, the Court concludes that even though Thomsen's copyright claims failed on summary judgment, the assertion of those claims in this lawsuit does not rise to the level of being either frivolous or objectively unreasonable. While there are circumstances that would warrant fees based on a contractual agreement to transfer copyrights, this case is not one of them, as there are unique circumstances with respect to the Settlement Agreement that mitigate against an award of fees. In particular, the Court notes that the Settlement Agreement was negotiated by Thomsen and Anderson without the assistance of counsel. The Settlement Agreement is not written in "standard" legal terms and contains many unique features that could complicate the Agreement's interpretation. While the Court ultimately disagreed with Thomsen's interpretation of the Agreement, the Court does not find that Thomsen's copyright claims are frivolous or that they were brought via improper motive. *See Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 123 (8th Cir. 1987) (affirming denial of fees where, despite expressing doubt about the quality of plaintiff's case, the district court found that plaintiff had not acted in bad faith and her claim was colorable and not baseless). In addition, after reviewing the parties' submissions on the issue of statutory damages, the Court is not convinced that Thomsen had no basis for statutory damages. Even if the statutory damages claim lacked support, the Court rejects the notion that an award of attorney fees under § 505 is appropriate based solely on Thomsen's claim for

statutory damages where the crux of his lawsuit was not frivolous or baseless. Finally, the Court discerns no need to deter future conduct in this case. For all of these reasons, the Court denies Famous Dave's request for attorney fees under § 505.

### B. 28 U.S.C. § 1927

Defendants also assert that Thomsen's attorneys are liable for Defendants' fees under 28 U.S.C. § 1927 for improperly filing claims that were barred by the parties' prior Settlement Agreement and for pursuing a claim for statutory damages. Under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Under this statute, sanctions may be awarded when an attorney's conduct "viewed objectively, manifests either intentional or reckless disregard" for the attorney's duty to the court. *Tenkku v. Normandy Bank*, 348 F.3d 737, 743 (8th Cir. 2003). This standard is not met by Thomsen's counsel's conduct in this case. Famous Dave's request for fees under § 1927 is denied.

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Famous Dave's Motion for Summary Judgment on Counterclaims (Doc. No. 106) is **GRANTED**.

    a. Famous Dave's is entitled to a declaration that Famous Dave's is the sole and proper owner of the Asserted Copyrights.

        b.       Thomsen shall pay Famous Dave's $1,235 in damages.

    2.       Defendants' Motion for Attorney's Fees and Costs under 17 U.S.C. § 505 and 28 U.S.C. § 1927 (Doc. No. 101) is **DENIED**.

    3.       Thomsen's Motion to Amend (Doc. No. 97) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 1, 2009

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court